Douglas S. Gilliland, Esq.  (SBN 157427)
THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone:   (619) 878-1580
Facsimile:    (619) 878-6630
doug@thegillilandfirm.com

Attorneys for Plaintiff MELVIN BROWN, II

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN BROWN, II, an individual, | Case No.: **'17CV0600 H     WVG** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Excessive Force<br>42 U.S.C. 1983 |
| CITY OF SAN DIEGO, a municipal corporation, Officer GEORGE SMITH (ID #4708), an individual, Officer RADFORD PAJITA (ID #6350), an individual, Officer CASSANDRA HEIL (ID #7519), an individual, and DOES 1-15, inclusive, | 2. False Arrest<br>42 U.S.C. 1983 |
| | 3. Deliberate Fabrication of Evidence<br>42 U.S. C. 1983 |
| Defendants. | 4. Malicious Prosecution<br>42 U.S.C. 1983 |
| | 5. *Monell*<br>42 U.S.C. 1983 |
| | 6. Assault |
| | 7. Battery |
| | 8. Intentional Infliction of Emotional Distress |
| | 9. False Arrest |

COMES NOW, Plaintiff MELVIN BROWN, II, an individual, by and through his attorneys of record, and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and alleges as follows:

### I.

### JURISDICTION AND VENUE

1. The United States District Court, in and for the Southern District of California, has original jurisdiction over the civil rights causes of action pled herein under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331. The United States District Court, in and for the Southern District of California, has supplemental jurisdiction over the state law causes of action pled herein pursuant to 28 U.S.C. § 1367(a). Venue of this controversy is proper in the Southern District of California pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of California.

### II.

### GENERAL ALLEGATIONS

2. At all times relevant to this Complaint, Plaintiff MELVIN BROWN, II, was an individual residing in San Diego County, California.

3. At all times relevant to this Complaint, Defendant CITY OF SAN DIEGO, was a municipal corporation created by the Charter of the City of San Diego, California in 1889, approved by the voters on April 7, 1931, and adopted by the State Legislature on April 15, 1931, which created, in part, the San Diego Police Department for which the CITY OF SAN DIEGO is responsible.

4. At all times relevant to this Complaint, Defendant Officer GEORGE SMITH (ID #4708) was an individual and a resident of San Diego County and was employed by the CITY OF SAN DIEGO as a San Diego police officer.

/ / /

THE GILLILAND FIRM

402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

5.      At all times relevant to this Complaint, Defendant Officer RADFORD PAJITA (ID #6350) was an individual and a resident of San Diego County and was employed by the CITY OF SAN DIEGO as a San Diego police officer.

6.      At all times relevant to this Complaint, Defendant Officer CASSANDRA HEIL (ID #7519) was an individual and a resident of San Diego County and was employed by the CITY OF SAN DIEGO as a San Diego police officer.

7.      Plaintiff is ignorant of the true names, identities and capacities of DOES 1 through 15, inclusive.  Therefore, Plaintiff sues these defendants under the fictitious designations of DOES 1 through 15.  Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## III.

## FACTS

8.      On the day before Thanksgiving, November 23, 2016, Plaintiff MELVIN BROWN was living with his fiancé Georgina Flores in an apartment near Bankers Hill in San Diego, California.  He had just been hired by Quest Diagnostics. Quest Diagnostics is a Fortune 500 company with offices in San Diego.  Mr. BROWN recently completed a three-month interview and background check process with Quest.  He accepted a job offer with Quest and had just finished his first week on the job.

9.      Shortly after midnight, November 24, 2016, Mr. BROWN and Ms. Flores got into an argument about where to spend Thanksgiving dinner.  Mr. BROWN was angry, broke a cookie plate in the kitchen, put some personal items in his backpack and left the apartment.

10.      Ms. Flores was worried and called the San Diego Police Department at approximately 1:00 a.m.  Defendant GEORGE SMITH was dispatched to the apartment.  The San Diego police dispatcher reported the call as a 415 (disturbing

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

the peace).

11.     Defendant SMITH responded to the call and arrived at the apartment. Defendants RADFORD PAJITA and CASSANDRA HEIL arrived to assist Defendant SMITH.  Defendants BROWN, PAJITA and HEIL entered the apartment and locked the door.  Mr. BROWN was outside and saw the police cars arrive at the apartment.  He was concerned about the police activity at the building, so he returned to the apartment to check on Ms. Flores.  As Defendant HEIL started to take Ms. Flores' statement, Mr. BROWN knocked on the door to the apartment.

12.     Defendant SMITH immediately drew a telescoping metal baton. Defendants SMITH and PAJITA then moved toward the door.  They opened the door and saw Mr. BROWN standing in the doorway.  PAJITA instructed Mr. BROWN to remove his backpack.  As Mr. BROWN started to comply, and without warning, Mr. BROWN was grabbed by Defendants SMITH and PAJITA as they tried to wrestle Mr. BROWN to the ground.  Defendant SMITH then started beating Mr. BROWN viciously and sadistically with his metal telescoping baton.  As Mr. BROWN was on the ground trying to protect himself, SMITH continued to hit him with his metal baton.  Mr. BROWN was hit in the head, arms and legs by Defendant SMITH.  Mr. BROWN was bleeding from blunt force trauma to his shin and head.  San Diego police photographs show large blood stains on the carpet from these wounds.

13.     Mr. BROWN was transported to UCSD Medical Center for medical care.  At UCSD, Defendant PAJITA asked San Diego Police Officer Erik Skyhar to take Mr. BROWN's statement.  Officer Skyhar admonished Mr. BROWN about his Fifth Amendment right against self-incrimination.  He then asked Mr. BROWN if he understood his rights and if he wished to answer questions.  Mr. BROWN responded, "Yes Sir" to both questions.

/ / /

THE GILLILAND FIRM

402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

4

14. Mr. BROWN stated that he did not touch or hit Ms. Flores in anyway. He said he never threatened to hurt her in any way. He said he broke a cookie plate because he was angry. He said he was outside when the officers arrived and he saw them go back up toward the apartment. He said he was immediately confronted by officers after they opened the door. He said he was trying to protect himself and he felt that he was now being set up by the officers.

15. Mr. BROWN received eight staples in his head at the UCSD Medical Center to close the wound in his head caused by Defendant SMITH's baton strikes.

16. In an effort to justify the severe beating, Defendants SMITH, PAJITA and HEIL fabricated evidence by placing false statements in their police reports. The officers wrote that (1), Mr. BROWN struck Ms. Flores with a bowl, (2) Mr. BROWN had threatened to kill Ms. Flores, (3) Mr. BROWN attempted to attack Flores in front of SMITH and PAJITA after he returned to the apartment, (4) Mr. BROWN was taking his backpack off in order to fight SMITH and PAJITA, (5) a physical assault by BROWN against SMITH and PAJITA was clearly imminent, (6) SMITH only drew his expandable baton from its holder after a physical assault was clearly imminent, (7) BROWN assaulted SMITH and PAJITA, (8) SMITH's baton strike to Mr. BROWN's head was inadvertent, (9) Defendant PAJITA sustained a bloody nose during the incident, (10) BROWN initiated the physical confrontation and use of force and was the aggressor.

17. After receiving medical care at UCSD Medical Center, Mr. BROWN was transported to the San Diego Central Jail where he was charged with violations of California Penal Code section 245(a)(1) for assault with a deadly weapon, section 422(a) for threatening to kill Ms. Flores, and 148(a)(1) for resisting arrest. Mr. BROWN was booked and placed in a jail cell at the San Diego Central Jail on Thanksgiving Day 2016, booking number 16175157. Mr. Brown's bail was set at $50,000.00.

/ / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

5

18.     On the following day, November 25, 2016, San Diego police detective H. Hernandez received Mr. BROWN's case for a follow-up investigation.  He prepared the San Diego Police Department Investigator's follow-up Report. Detective Hernandez reviewed the crime and arrest reports, including the reports submitted by SMITH, PAJITA, HIEL and Skyhar.  He noted in his report that there was body worn camera video from Defendants SMITH, PAJITA, HIEL and officer Skyhar.  He wrote that he tried to contact Ms. Flores, but her number was no longer in service.  He wrote, "Based on the officer's reports, statements of those involved, and my follow up investigation, I am forwarding this case to the City Attorney requesting the suspect be charged with the charges listed on page one of the report."  The charges on page one of the report that Detective Hernandez requested the City Attorney to file against Mr. BROWN were "245(a)(1) PC – Assault with a deadly weapon other than a firearm, 422 PC – Criminal threats, 148(a)(1) PC – Obstruct resist."

19.     On November 30, 2016, the City Attorney filed Case number M225951 against Mr. BROWN.  Mr. Brown was charged with seven criminal counts as follows: (1) PC 422 – Criminal Threats, (2) PC 243(e)(1) – Battery Against a cohabitating person, (3) PC 594(a)(b)(2)(A) – Vandalism, (4) PC 69 – Threatening a Police Officer, (5) PC 148(a)(1) Obstructing a Police Officer, (6) PC 148(a)(1) Obstructing a Police Officer, (7) PC 148(a)(1) Obstructing a Police Officer.

20.     On November 30, 2016, Mr. BROWN was arraigned on the Complaint and entered a plea of not guilty.  His Readiness Hearing was set for December 8, 2016.  Mr. BROWN was suffering from severe headaches because of the beating.  His bail remained at $50,000.00.

21.     On or about December 1, 2016, Mr. BROWN was terminated from his new job at Quest Diagnostics.

/ / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

22.     On December 8, 2016, Mr. BROWN was transferred back to the San Diego Superior Court for his Readiness Hearing.  Mr. BROWN refused a plea bargain and he remained in custody with bail set at $50,000.00.  Mr. BROWN was then transferred to the George Bailey Detention Facility in Otay Mesa.

23.     On December 16, 2016, Mr. BROWN was transferred back to the San Diego Superior Court for a second Readiness Hearing.  Mr. BROWN refused a plea bargain.  He remained in custody with his bail at $50,000.00.  His jury trial was set for January 3, 3017.  Mr. BROWN spent Christmas and New Years in the George Bailey Detention Facility.

24.     On January 3, 2017, Mr. BROWN was transferred to the San Diego Superior Court for trial.  On that day, he was transferred to Department 25 of the San Diego Superior Court and the trial was ordered to begin on January 4, 2017.  The Court ordered the Medical Unit in jail to provide Mr. BROWN treatment for migraine headaches.  Mr. BROWN had been suffering these severe headaches since his beating.  Mr. BROWN's bail remained at $50,000.00.

25.     On January 4, 2017, Mr. BROWN was transferred to Department 25 of the San Diego Superior Court to stand trial on all seven charges.  Jury selection was conducted and motions *in limine* were heard on that day.  A jury of 12 with two alternates was empaneled and sworn that afternoon.

26.     On January 4, 2017, the City Attorney's Office moved to dismiss Counts 4, 5 and 6 from the Complaint in the interests of justice. The motion was granted.  Mr. BROWN's bail remained at $50,000.00.

27.     The jury heard testimony and was presented evidence and argument on January 5, 2017 and January 6, 2017.  The jury began their deliberation at 10:50 a.m. on January 6, 2017.  The jury returned verdicts of not guilty on all remaining Counts at 2:08 p.m. that same day.  The court terminated the previously imposed criminal protective order and ordered Mr. BROWN to be released from custody. / / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

THE GILLILAND FIRM

402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

28.     On February 3, 2017, Mr. Brown filed his administrative claim against the CITY OF SAN DIEGO.  Despite the jury's verdict of not guilty to resisting arrest, Mr. BROWN's claim was denied on February 22, 2017 by the CITY OF SAN DIEGO because the City's "investigation revealed that [Mr. BROWN] violently resisted a lawful arrest."

## IV.

### FIRST CAUSE OF ACTION

### Excessive Force – 42 U.S.C. § 1983

### [Against GEORGE SMITH, RADFORD PAJITA, and DOES 1-5]

29.     Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

30.     Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5, deprived Plaintiff MELVIN BROWN of his clearly established federal constitutional right under the Fourth Amendment right to be free from unreasonable searches and seizures by using objectively unreasonable and excessive force against Mr. BROWN, while acting under color of state law.  The excessive force is evidenced by administering holds, strikes, forcing Mr. BROWN to the ground, and multiple full-force baton strikes to Mr. BROWN's body and head with a telescoping metal baton, while Mr. BROWN was defenseless, compliant, and not resisting, in response to a disturbing the peace call.  The force was used without warning, when Mr. BROWN was not an immediate threat to the safety of the officers or others, while Mr. BROWN was not resisting nor attempting to evade arrest by flight.

31.     Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5's use of excessive force against Mr. BROWN was both a cause-in-fact and proximate cause of damages to Mr. BROWN, including physical pain, suffering, emotional distress, loss of liberty and employment.

/ / /

Complaint

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

32.     The conduct of Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 constituting the use of excessive force justifies the imposition of punitive damages against Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5, to punish them and deter them from engaging in similar conduct in the future, because it was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. BROWN's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

## V.

## SECOND CAUSE OF ACTION

## False Arrest – 42 U.S.C. § 1983

## [Against CASSANDRA HEIL, GEORGE SMITH,

## RADFORD PAJITA, and DOES 1-5]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

33.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5, deprived Plaintiff MELVIN BROWN of his clearly established federal constitutional rights under the Fourth Amendment right to be free from unreasonable seizures by arrest without a warrant by arresting Mr. BROWN, under color of state law, for (1) assault with a deadly weapon, (2) making a terrorist threat against a family member, and (3) obstructing a peace officer.  The arrest was made without probable cause to believe a crime had been committed because these defendants lacked knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a reasonably prudent

officer to believe that Mr. BROWN had committed or was committing a crime.

34.     A reasonably objective officer under the circumstances would have concluded that there was not sufficient evidence to show that Mr. BROWN had assaulted Georgina Flores with a deadly weapon or instrument other than a firearm, made no terrorist threat against Ms. Flores and did not obstruct a peace officer because they knew, based on the information they obtained, that no assault occurred, Mr. BROWN did not make a terrorist threat against Ms. Flores and Mr. BROWN did not resist arrest; Mr. BROWN was attacked without provocation.

35.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5's false arrest of Mr. BROWN was both a cause-in-fact and proximate cause of damages to Mr. BROWN, including physical pain, suffering, emotional distress, loss of liberty and employment.

36.     The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 constituting false arrest, justifies the imposition of punitive damages against Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5, to punish them and deter them from engaging in similar conduct in the future, because their conduct was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. BROWN's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

/ / /

/ / /

/ / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

# VI.

## THIRD CAUSE OF ACTION

### Deliberate Fabrication of Evidence – 42 U.S.C. § 1983

### [Against CASSANDRA HEIL, GEORGE SMITH,

### RADFORD PAJITA and DOES 6-10]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

37.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA and DOES 6-10, deprived Plaintiff MELVIN BROWN of his clearly established federal constitutional due process right under the Fourteenth Amendment not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government under color of state law.

38.     After the beating of Mr. BROWN, and in order to justify the beating, Defendants HIEL, SMITH, PAJITA and DOES 6-10 continued their investigation of Mr. BROWN, despite the fact they knew or should have known that Mr. BROWN had not committed any crime.  In a continuance of that investigation, and knowing that Mr. BROWN had committed no crime, Defendants HIEL, SMITH, PAJITA, and DOES 6-10, acting in concert, deliberately fabricated evidence by including the following false statements of fact in their police reports: (1), Mr. BROWN struck Ms. Flores with a bowl, (2) Mr. BROWN had threatened to kill Ms. Flores, (3) Mr. BROWN attempted to attack Flores in front of SMITH and PAJITA after he returned to the apartment, (4) Mr. BROWN was taking his backpack off in order to fight SMITH and PAJITA, (5) a physical assault by BROWN against SMITH and PAJITA was clearly imminent, (6) SMITH only drew his expandable baton from its holder after a physical assault was clearly imminent, (7) BROWN assaulted SMITH and PAJITA, (8) SMITH's baton strike to Mr. BROWN's head was inadvertent, (9) Defendant PAJITA sustained a bloody nose during the incident, (10) BROWN initiated the physical confrontation and use

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

of force because he was the aggressor.  Defendants fabrication of evidence was done with a deliberate indifference, i.e., conscious or reckless disregard of the constitutional rights of Mr. BROWN.

39.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 6-10's deliberate fabrication of evidence against Mr. BROWN was both a cause-in-fact and proximate cause of damages to Mr. BROWN, including physical pain, suffering, emotional distress, loss of liberty and employment.

40.     The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 6-10 constituting deliberate fabrication of evidence justifies the imposition of punitive damages against Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 6-10, to punish them and deter them from engaging in similar conduct in the future, because their conduct was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. BROWN's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

## VII.

## FOURTH CAUSE OF ACTION

### Malicious Prosecution – 42 U.S.C. § 1983

### [Against CASSANDRA HEIL, GEORGE SMITH,

### RADFORD PAJITA and DOES 6-10]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

Complaint

THE GILLILAND FIRM

402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

41.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 6-10, acting in concert, wrongfully caused the filing of criminal charges against Mr. BROWN by deliberately fabricating evidence by including the following false statements of fact in their police reports: (1), Mr. BROWN struck Ms. Flores with a bowl, (2) Mr. BROWN had threatened to kill Ms. Flores, (3) Mr. BROWN attempted to attack Flores in front of SMITH and PAJITA after he returned to the apartment, (4) Mr. BROWN was taking his backpack off in order to fight SMITH and PAJITA, (5) a physical assault by BROWN against SMITH and PAJITA was clearly imminent, (6) SMITH only drew his expandable baton from its holder after a physical assault was clearly imminent, (7) BROWN assaulted SMITH and PAJITA, (8) SMITH's baton strike to Mr. BROWN's head was inadvertent, (9) Defendant PAJITA sustained a bloody nose during the incident, (10) BROWN initiated the physical confrontation and use of force because he was the aggressor.  Defendants fabrication of evidence was done with a deliberate indifference, i.e., conscious or reckless disregard of the constitutional rights of Mr. BROWN.

42.     By providing fabricated evidence and false statements to the city attorney's office, Defendants HEIL, SMITH, PAJITA, and DOES 6-10 caused criminal charges to be filed against Mr. BROWN and the ensuing criminal prosecution against Mr. BROWN.  The charges and prosecution that Defendants HEIL, SMITH, PAJITA and DOES 6-10 caused against Mr. BROWN was without probable cause because it was based on the fabricated evidence and false statements of Defendants HEIL, SMITH, PAJITA and DOES 6-10.  The actions were done maliciously because they were done to procure a criminal conviction against Mr. BROWN for crimes he did not commit in an effort to cover up and justify the malicious and sadistic beating suffered by Mr. BROWN.

43.     The fabricated evidence and false statements were placed in the police reports by Defendants HEIL, SMITH, PAJITA and DOES 6-10, under color of

Complaint

1   state law, which deprived Mr. BROWN of his clearly established federal

2   constitutional rights to due process and equal protection of the law guaranteed by

3   the Fourteenth Amendment, and his right of personal liberty guaranteed by the

4   Fourth Amendment.

5       44.   Counts 4, 5 and 6 successfully terminated in Mr. BROWN's favor on

6   January 4, 2017 when the trial court granted the city attorney's motion to dismiss

7   those counts in the interest of justice.  The balance of the counts successfully

8   terminated in Mr. BROWN's favor on January 6, 2017 when the jury rendered not

9   guilty verdicts on all remaining counts in the criminal complaint.

10      45.   Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD

11  PAJITA, and DOES 6-10's malicious prosecution of Mr. BROWN was both a

12  cause-in-fact and proximate cause of damages to Mr. BROWN, including physical

13  pain, suffering, emotional distress, loss of liberty and employment.

14      46.   The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH,

15  RADFORD PAJITA, and DOES 6-10 constituting malicious prosecution justifies

16  the imposition of punitive damages against Defendants CASSANDRA HEIL,

17  GEORGE SMITH, RADFORD PAJITA, and DOES 6-10, to punish them and

18  deter them from engaging in similar conduct in the future, because their conduct

19  was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The

20  conduct was malicious because it was accompanied by ill will, spite or for the

21  purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured

22  or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary

23  harshness or severity, and/or it was a misuse or abuse of authority or power by

24  these defendants.  The conduct was with a conscious disregard for Mr. BROWN's

25  rights because, under the circumstances, it reflected a complete indifference to Mr.

26  BROWN's safety or rights.

27  / / /

28  / / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

# VIII.

# FIFTH CAUSE OF ACTION

## *Monell* – 42 U.S.C. § 1983

### [Against CITY OF SAN DIEGO and DOES 11-15]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

47. Defendant CITY OF SAN DIEGO and DOES 11-15, deprived Mr. BROWN of his clearly established federal constitutional rights to be free from arrest based on fabrication of evidence in violation of his due process right under the Fourteenth Amendment, and malicious prosecution in violation of his due process and equal protection rights guaranteed by the Fourteenth Amendment, and his right of personal liberty guaranteed by the Fourth Amendment, by implementing or executing a policy statement, ordinance, regulation, decision, custom or usage that permitted its employees and agents to refer cases for prosecution without reviewing body worn camera footage to determine if its officers were fabricating evidence or initiating a malicious prosecution, under color of state law, to cover up their own wrong doing in violation of Mr. BROWN's clearly established federal constitutional due process right under the Fourteenth Amendment not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government and his rights to due process and equal protection of the law guaranteed by the Fourteenth Amendment, and his right of personal liberty guaranteed by the Fourth Amendment.

48. Defendants CITY OF SAN DIEGO, and DOES 11-15's policy statement, ordinance, regulation, decision, custom or usage of not reviewing body worn camera video, either before or after referring the Mr. BROWN's case for prosecution, caused criminal charges and a malicious prosecution to be brought against Mr. BROWN because the body worn camera footage would have shown that Mr. BROWN was not the aggressor and did not threaten to kill Georgina

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

Flores.

49.    Defendants CITY OF SAN DIEGO, and DOES 11-15's, policy statement, ordinance, regulation, decision, custom or usage of not reviewing BWC footage was both a cause-in-fact and proximate cause of damages to Mr. BROWN, including physical pain, suffering, emotional distress, loss of liberty and employment.

## IX.

## SIXTH CAUSE OF ACTION

### Assault

### [Against GEORGE SMITH, RADFORD PAJITA, and DOES 1-5]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

50.    Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 acted with an intent to cause harmful or offensive contact with Mr. BROWN.

51.    Plaintiff BROWN reasonably believed that he was about to be touched in a harmful or offensive manner by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5.

52.    It reasonably appeared to Plaintiff BROWN that Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 were about to carry out the threat of harmful or offensive contact.

53.    Plaintiff BROWN did not consent to the harmful or offensive contact by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5.

54.    Plaintiff BROWN was harmed by the harmful or offensive contact by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5.

55.    Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5's harmful or offensive contact with Plaintiff BROWN was a substantial factor, cause in fact, and/or proximate cause of harm to Plaintiff BROWN.

/ / /

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

56.     The harmful and offensive contact by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 would offend a reasonable person.

57.     The conduct of Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 constituting assault justifies the imposition of punitive damages against Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 because it was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. Brown's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

# X.

## SEVENTH CAUSE OF ACTION

## Battery – 28 U.S.C. 1367(a)

## [Against GEORGE SMITH, RADFORD PAJITA, and DOES 1-5]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

58.     Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 touched Plaintiff BROWN with the intent to harm or offend him.

59.     Plaintiff BROWN did not consent to the touching Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5.

60.     Plaintiff BROWN did not consent to the touching by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5.

61.     Plaintiff BROWN was harmed by the touching by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 and the toughing was a substantial factor, cause in fact, and/or proximate cause of the harm to Plaintiff

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580   FAX (619) 878-6630

Complaint

BROWN.

62.     The touching by Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 would offend a reasonable person.

63.     The conduct of Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 constituting battery justifies the imposition of punitive damages against Defendants GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 because it was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. Brown's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

## XI.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress – 28 U.S.C. 1367(a)

### [Against CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-15]

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

64.     By engaging in the conduct alleged in the factual recitation and causes of action one through seven of this complaint, Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA and DOES 1-15 engaged in conduct that was outrageous.

65.     By engaging in the conduct alleged in the factual recitation and causes of action one through seven of this complaint, Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-15 intended to cause Mr.

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

BROWN emotional distress, or acted with a reckless disregard of the probability that Mr. BROWN would suffer emotional distress, knowing that Mr. BROWN was present when the conduct occurred.

66.    Mr. BROWN suffered emotional distress and/or severe emotional distress.

67.    The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-15 was a substantial factor, cause in fact, and/or proximate cause of Mr. BROWN's emotional distress and/or severe emotional distress.

68.    The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-15 constituting intentional infliction of emotional distress justifies the imposition of punitive damages against Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-15 because it was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Mr. Brown's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

## XII.

## NINTH CAUSE OF ACTION

**False Arrest – 28 U.S.C. 1367(a)**

**[Against CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5]**

Plaintiff MELVIN BROWN incorporates by reference all prior allegations pled in this complaint.

Complaint

69.     Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 executed a warrantless arrest of Plaintiff BROWN without probable cause to believe Mr. BROWN had committed any crime.

70.     The arrest of Mr. BROWN by Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 caused him to be restrained against his will.

71.     The arrest of Mr. BROWN by Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 was a substantial factor, cause in fact, and/or proximate cause of the harm to Mr. BROWN.

72.     The conduct of Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 constituting false arrest justifies the imposition of punitive damages against Defendants CASSANDRA HEIL, GEORGE SMITH, RADFORD PAJITA, and DOES 1-5 because it was malicious, oppressive or in reckless disregard of Mr. BROWN's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Mr. BROWN.  The conduct was oppressive because it injured or damaged Mr. BROWN or violated Mr. BROWN's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants. The conduct was with a conscious disregard for Mr. Brown's rights because, under the circumstances, it reflected a complete indifference to Mr. BROWN's safety or rights.

WHEREFORE Plaintiff MELVIN BROWN, II, prays as follows:

1.     General damages according to proof at the time of trial;

2.     Special damages according to proof at the time of trial;

3.     Attorney fees pursuant to 42 U.S.C. § 1983,

4.     Punitive damages,

5.     Costs of suit incurred herein and interest; and

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint

6.      Any further equitable or legal relief that this Court deems just and appropriate.

DATED:  March 24, 2017                    THE GILLILAND FIRM


                                          By: s/ Douglas S. Gilliland
                                          Douglas S. Gilliland, Esq.,
                                          for Plaintiff MELVIN BROWN, II

THE GILLILAND FIRM

402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Complaint