# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN BROWN, II, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; et al.,<br><br>                        Defendants. | Case No.: 3:17-cv-00600-H-WVG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

On March 24, 2017, Plaintiff Melvin Brown, II ("Plaintiff"), filed a complaint against the City of San Diego ("Defendant City"), Officer George Smith, Officer Radford Pajita, and Officer Cassandra Heil ("Defendant Officers") (collectively, "Defendants"), alleging various causes of action related to an incident with police that occurred on November 24, 2016. (Doc. No. 1.) Defendants filed their answer on April 19, 2017. (Doc. No. 4.) On July 21, 2017, Defendants moved for judgment on the pleadings and requested that the Court, without converting Defendants' motion into a summary judgment motion, exercise its discretion to consider video of the underlying incident taken from Defendant Officers' body-worn cameras. (Doc. No. 10.) On September 1, 2017, Plaintiff filed his response in opposition to the motion. (Doc. No. 16.) Defendants replied on September 11, 2017. (Doc. No. 18.)

On September 1, 2017, the parties filed a joint motion to dismiss certain parties and claims. (Doc. No. 15.) Specifically, the parties jointly moved to dismiss Defendant City and Defendant Officers Pajita and Heil, with prejudice, and to dismiss all causes of action except the first cause of action against Defendant Officer Smith for excessive force pursuant to 42 U.S.C. § 1983. (Doc. No. 15 at 2-3.) On September 5, 2017, the Court granted the parties' joint motion to dismiss for good cause shown and stated that the only remaining claim is the first cause of action against Defendant Officer Smith. (Doc. No. 17.)

## BACKGROUND[1]

Shortly after midnight on November 24, 2016, Plaintiff had an argument with his fiancé and, after breaking a plate and putting some personal items in his backpack, left their apartment. (Doc. No. 3 at 3.) Plaintiff's fiancé, Georgina Flores, called the San Diego Police Department, which reported Ms. Flores's call as a 415 (disturbing the peace). (Id.) Defendant Officers Smith, Pajita, and Heil were dispatched to the scene, entered the apartment, and locked the door. (Id. at 4.) Each Defendant Officer was wearing a body-worn camera at the time. (Id. at 6.) Plaintiff was still nearby and saw the police cars arrive at the apartment. (Id. at 4.) Concerned, Plaintiff returned to the apartment to check on Ms. Flores. (Id.)

Plaintiff knocked on the apartment door, and Defendant Officer Smith "immediately drew a telescoping metal baton." (Id.) Defendant Officers Smith and Pajita opened the door, and as Plaintiff started to comply with Officer Pajita's instruction to remove his backpack, Officers Smith and Pajita grabbed Plaintiff and tried to wrestle him to the ground. (Id.) Defendant Officer Smith started beating Plaintiff "viciously and sadistically" with his metal telescoping baton. (Id.) Plaintiff was on the ground, "trying to protect himself," but Defendant Officer Smith continued, hitting Plaintiff in the head, arms and legs. (Id.) Plaintiff was bleeding on his shin and head, and was transported to UCSD Medical Center for medical care. (Id.) He was later charged with assault with a

---

[1] The following factual allegations are found in Plaintiff's complaint. (Doc. No. 3)

deadly weapon (Cal. Penal Code § 245(a)(1)), threatening to kill Ms. Flores (Cal. Penal Code § 422(a)), and resisting arrest (Cal. Penal Code § 148(a)(1)). (Id. at 5.)

# DISCUSSION

## I. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). The Court applies the same standard to a Rule 12(c) motion for judgment on the pleadings as it applies to a Rule 12(b)(6) motion to dismiss. United States v. In re Seizure of One Blue Nissan Skyline Auto., 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming, 581 F.3d at 925.

When deciding a motion for judgment on the pleadings, the Court may consider materials that weren't "physically attached to the complaint" if "the [materials'] authenticity is not contested and the plaintiff's complaint necessarily relies on them." See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013).

## II. ANALYSIS

As an initial matter, the Court declines to consider the body-worn camera video evidence when deciding Defendants' motion. Plaintiff asserts there is a "factual dispute as to what is shown on the videos" and contests the video evidence's authenticity, stating that he does not, for example, know whether "this video is all the video in the case" or whether the video has been edited. (Doc. No. 16 at 5-6.) Thus, Defendants' reliance on Lihosit v. Flam is misplaced. (Doc. No. 10-1 at 7.) In Lihosit, the court considered body-worn camera video evidence when deciding a Rule 12(b)(6) motion to dismiss because the video

evidence was "essential to a full understanding of the events underlying" the complaint and, importantly, the plaintiff did not dispute the video evidence's authenticity. 2016 WL 2865870, at *3 (D. Ariz. May 17, 2016); see also Covert v. City of San Diego, 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017) (same). If Defendants wish to file a motion for summary judgment, they are free to do so after the record is more fully developed. At this point, however, the Court will not consider the video evidence.

Accepting, as it must, all factual allegations in the complaint as true and construing those allegations in the light most favorable to the non-moving party, the Court concludes there is a material fact issue whether Defendant Officer Smith used unreasonable force under the circumstances. See Graham v. Connor, 490 U.S. 386, 396 (1989). In his complaint, Plaintiff alleged that Defendant Officer Smith used excessive force "by administering holds, strikes, forcing [Plaintiff] to the ground, and multiple full-force baton strikes to [Plaintiff's] body and head with a telescoping metal baton, while [Plaintiff] was defenseless, compliant, and not resisting, in response to a disturbing the peace call. The force was used without warning, when [Plaintiff] was not an immediate threat to the safety of the officers or others, while [Plaintiff] was not resisting nor attempting to evade arrest by flight." (Doc. No. 1 at 8.) Ruling on Defendants' motion for judgment on the pleadings, the Court takes these factual allegations as true. See Fleming, 581 F.3d at 925. Accordingly, the Court denies Defendants' motion, but the parties may bring a motion for summary judgment when the record is more fully developed.

**IT IS SO ORDERED.**

DATED: September 11, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT